REHEMA STEPHENS

805 Sapphire Circle

Vacaville, CA 95687

(707) 317-8796



FILED

AUG 0 5 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

REHEMA STEPHENS, IN PRO PER

2: 16 - CV - 1 8 4 9 JAM EFB PS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Rehema Stephens,

       Plaintiff,

vs.

COUNTY OF SACRAMENTO DEPARTMENT
OF HUMAN ASSISTANCE OF NORTHERN
CALIFORNIA WELFARE DIVISION,
Member of the County of Sacramento

       Defendants

## INTRODUCTION

1. This is an action for unlawful employment practices and wrongful termination as a result of race discrimination. Plaintiff was discriminated against because of her Race, and in retaliation for her participation in protected activities, in violation of Title VII of the Civil Rights Act of 1964. Plaintiff is an African American female. Plaintiff was denied "due process", when a written complaint of racial discrimination was made. Plaintiff was deprived of her complaint being fairly heard, weighed and acted upon as Sacramento County Policy & Procedure so states. Plaintiff was left unprotected from reprisal (retaliation). Plaintiff was harassed, subjected to hostile work environment and ultimately terminated due to defendants' unlawful conduct.

## JURISDICTION

2. The jurisdiction of the Court is over this complaint is invoked pursuant to the provisions of 28 United States Code Sections 1331 (a) and 1343 (1), (2), (3), and (4); Provisions of 29 United States Sections 621(a) and the provisions of 42 United States Code Sections 2000(e).

## VENUE

3. All of the unlawful acts and practices alleged herein occurred within the geographical boundaries of the Eastern District of California.

## ADMINISTRATIVE PROCEEDINGS

4. Within statutory time period specifically on June 7, 2014, plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC"), a federal agency. On May 3, 2016, the EEOC mailed plaintiff a right-to-sue letter.

## PARTIES

5. Plaintiff named herein is Rehema Stephens a Black female adult citizen of the United States and a resident of Vacaville, California.

6. Defendant County of Sacramento Department of Human Assistance Division of Welfare. A public government for-profit entity existing under the law of the State of California.

## FACTS

7. On December 2, 2013, Defendant County of Sacramento Department of Human Assistance hired plaintiff as a Human Services Specialist. Plaintiff completed her Induction Class and was assigned to the Bowling Green

Bureau Unit March 10, 2014. Plaintiff received her first Performance Evaluation after completing the training and her evaluator indicated that she "meets standards".

8. From week one at Bowling Green Bureau, the Plaintiff was treated punitively (by her Supervisor) regarding everything she did. A miscommunication happened on her first day on the job, when she was assigned to shadow a co-worker. When that job shadow did not happen, the Plaintiff was immediately labeled as insubordinate. Also, an initial joke between the Plaintiff and her Supervisor regarding the long walk to the Supervisor's office, to get her questions answered, was later used against her. The Plaintiff was described as disrespectful, defiant, sarcastic and refusing to accept supervision.

9. Around March 17, 2014, a meeting took place in the Plaintiff's work station where her Supervisor gives some unsolicited advice about the African American Cultural Special Skills Exam she is scheduled to take. The Supervisor suggested the Plaintiff do her due diligence by consulting other Special Skills employees before taking the exam. The Supervisor's reason for the warning, "because that particular demographic can be difficult (referring to African Americans). The supervisor denied any racial intent, but that she was just trying to warn Plaintiff not to limit her options.

10. Plaintiff became concerned about this conversation and exercised her right to request a meeting with her program manager. But in exercising those rights, the Plaintiff was written off as a trouble maker with a bad attitude who would not accept supervision. Ultimately, the Plaintiff's complaints were not taken seriously; the Plaintiff was tagged with the reputation as a malcontent; and was immediately singled out for release from probation.

11. Starting March 18, 2016 the Plaintiff notices that her Supervisor makes unusually frequent trips pass her work station. Plaintiff is beginning to feel harassed, which makes her uneasy and apprehensive about the Supervisor's motive and intentions.

12. Subsequently, early April the Plaintiff requested a meeting with the Bowling Green Program Manager and her union representative, in which she expressed her concern that such comments were racially motivated and constituted harassment. Another meeting was held with the Supervisor present, in which Supervisor denied she meant anything racial, and apologized. The supervisor stated that she merely wanted to warn the Plaintiff so not to "limit her options". At that meeting, the Plaintiff asked the Program Manager whether she could have a new supervisor, but was denied because of her probationary status.

13. Another key meeting occurred on March 27, 2014, after there had been an unpleasant exchange between the Plaintiff and her Supervisor. This was the first time since the Plaintiff's start at Bowling Green Bureau (March 10th) that her Supervisor was meeting with her. Plaintiff had not yet received a copy of the Bureau Policy & Procedures, nor the unit expectations each Supervisor was mandated by the Program Manager to give to all new employees.

14. Prior to Plaintiff's termination, problems were alleged, and in the Program Manager's memo recommending release Plaintiff's work performance was criticized. However, the main basis for the recommendation related to Plaintiff's release from probation was her "continued pattern of poor behavior and unprofessional attitude when dealing with others."

15. Allegations of professional misconduct came from other employees, but neither the Supervisor nor the Program Manager investigated these claims to determine their validity. Instead, they used these allegations as evidence and grounds for termination.

16. During the time of the Plaintiff's employment with the Sacramento County Department of Human Assistance, there were numerous legal claims pending regarding racial discrimination in the Department.

17. Plaintiff expressed concerns to the Program Manager about the supervisor's ability to remain objective concerning her overall success as an employee, especially as it pertained to an upcoming probationary evaluation. Program manager was asked by Plaintiff when the evaluation was due and how that evaluation would be scored. Plaintiff was informed about scoring process and was told they (Supervisor or Program Manager) would follow up with her regarding probationary evaluation deadline. Neither the Program Manager or the Supervisor got back to the Plaintiff with an answer or explanation at any time after this meeting.

18. April 2, 2014 First Probationary evaluation was due. Other Supervisors completed the evaluation for their probationary employees at Bowling Green Bureau. I was not afforded an evaluation at this time.

19. April 21, 2014 Plaintiff finally received a copy of the Bureau Policies and Procedures from her Supervisor.

20. The Plaintiff at no time during her employment received a written complaint from a client, but was accused of unprofessionalism with clients in the memo recommending release from probation.

21. None of the allegations against the Plaintiff, accusing her of not being able to get along with co-workers and other supervisors was ever investigated or substantiated.

22. No written memos of discussion was ever presented to the Plaintiff at any time during her employment with Sacramento County Department of Human Assistance addressing any corrective measures tried prior to her release from probation, even though it was stated in the memo recommending release, "that the County coached and counseled Plaintiff " with no positive results.

23. May 23, 2014 Plaintiff was called into the office of the Program Manager and was handed her notice of release from probationary status. Then Plaintiff was escorted out of the Program Managers office by a County Investigator with a gun on his hip. Plaintiff was later informed that using a County Investigator was not protocol, but the Program Manager assumed that the Plaintiff would become belligerent.

## FIRST CAUSE OF ACTION

(Race Discrimination – Title VII)

Plaintiff realleges and incorporates by reference herein paragraphs 1-23 with the same force and effect as if such paragraphs were separately realleged in the First Cause of Action.

24. Plaintiff was wrongfully terminated due to discrimination because of her color, Black female, in violation of the Civil Rights Act of 1964 as amended.

25. Defendants' denied plaintiff opportunities of reasonable corrective action as was provided to other non-Black probationary employees. Defendants' and each of them acted arbitrarily, with malice and oppression, and with bad faith in doing things described above for which an award of future damages is warranted.

26. As a direct and proximate result of the acts of defendants, plaintiff sustained mental anguish, mortification, damage to her career aspirations, and loss of good health and sleep, all to her damage according to proof at trial.

## SECOND CAUSE OF ACTION

### (Retaliation – Title VII)

27. Plaintiff realleges and incorporates by reference herein paragraphs 1-23 with the same force in effect as if such paragraphs were separately realleged in this Second Cause of Action.

28. Plaintiff was wrongfully terminated in retaliation for her participation in protected activities in violation of Title VII of the Civil Rights Act of 1964, as amended.

29. Plaintiff was subjected to a hostile work environment because of defendants' employees' and defendants' program manager and supervisor's outrageous conduct, as well as plaintiff being harassed for making internal

and external complaints regarding defendant's policies and treatment of plaintiff in her employment with the County of Sacramento Department of Human Assistance.

30. Plaintiff was harassed (in retaliation) by several supervisors at Bowling Green Bureau who were allowed by the Program Manager to say whatever they wanted, belittle and berate, abuse their power, bring up false allegations that were one-sided and unsubstantiated because of no real evidence nor effort of investigation. Plaintiff was targeted in situations where she was accused of misconduct. Plaintiff was constantly labeled aggressive, rude, discourteous, intimidating, overly opinionated, unprofessional, having an attitude, having an unpleasant tone when speaking, disruptive, bully threatening and loud when speaking up for her rights. Plaintiff was falsely accused of violating defendant policies and procedures that ultimately led to her termination. Defendants' continued to deny reasonable opportunity for corrective action to plaintiff although plaintiff was not notified of any factual issues at rise or performance issues. Plaintiff was subjected to intolerable working conditions, and in fact the acts of defendants' were designed to and intended to force plaintiff to an act of violence or perform her duties inadequate, in violation of the Civil Rights Act of 1964 as amended, Title VII.

31. Defendants' employees' and supervisors' harassed (in retaliation) plaintiff in conscious disregard of the hardship and embarrassment it might have caused plaintiff. Defendant and each of them acted arbitrarily, with malice and oppression, and with bad faith in doing the things described above, for which an award of exemplary damages is warranted.

32. As direct and proximate result of acts of defendants' plaintiff sustained mental anguish, humiliation, damage to plaintiff's career aspirations, and loss of good health and sleep, all to plaintiff damage according to proof at trial.

33. As a proximate result of defendants' County of Sacramento Department of Human Assistance work environment and retaliation of plaintiff as described above plaintiff has suffered losses in earnings and other employment benefits all to her general damage according to proof at trial.

## EQUITY

34. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for injunctive relief is plaintiff's only means of securing adequate redress from defendants' unlawful acts, practices and policies as set forth herein.

## RELIEF

WHEREFORE, plaintiff respectfully requests this court enter judgment granting plaintiff:

A. A declaratory judgment stating that the acts and practices of defendants' County of Sacramento Department of Human Assistance of Northern California were in violation of Title VII of the Civil Rights Act of 1964, as amended due to Race Discrimination and Retaliation for my participation in protected activities.

B. Back pay in amount according to proof at trial, plus all lost fringe employment benefits plaintiff would have been entitled to if but defendants' actions had not existed.

C. General damages $2,500,000.00;

D. Exemplary, compensatory and future damages according to proof at trial.

E. Reasonable attorney's fees

F. For cost of suit herein incurred ; and

G. For such other and further relief as the Court deems proper.

DATED: August 5, 2016

Rehema Stephens, In Pro Per

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rehema Stephens<br>805 Sapphire Circle<br>Vacaville, CA 95687 | From: | Oakland Local Office<br>1301 Clay Street<br>Suite 1170 N<br>Oakland, CA 94612 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 555-2014-00789 | Bryan G. Hoss,<br>Investigator | (510) 637-3240 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Dana C. Johnson,
Local Office Director

05/03/16 *(Date Mailed)*

Enclosures(s)

cc: **Cori Stillman
EEO Officer
SACRAMENTO COUNTY
700 H STREET, Suite 5720
Sacramento, CA 95814**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>555-2014-00789 |
|---|---|---|

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (indicate Mr., Ms., Mrs.)<br>**Rehema Stephens** | Home Phone (Incl. Area Code)<br>**(707) 446-2853** | Date of Birth<br>12/28/69 |
|---|---|---|

| Street Address<br>**805 Sapphire Circle, Vacaville, CA 95687** | City, State and ZIP Code | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**CA DEPT OF HUMAN ASSISTANCE** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>(916) ~~375-8050~~ 875-3800 |
|---|---|---|

| Street Address<br>~~2450~~ 2433 Florin Road, Sacramento, CA ~~95822~~ 95823 | City, State and ZIP Code | |
|---|---|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code | |
|---|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
                05-23-2014

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired by Respondent on or around December 2, 2013 as a Human Services Specialist. My immediate supervisor was Carmen Espinoza. Since the beginning of my employment, I have been subjected to harassment. For example, in or around March 2014, I informed Ms. Espinoza of my interest in taking the African American special skills exam. Ms. Espinoza stated, "you might want to rethink that, that typical demographic can be difficult". On or about March 28, 2014, I complained to Donna Doyle, Program Manager about this harassment. On April 2, 2014, a meeting was held between me, Ms. Doyle, Ms. Espinoza, and my union representative, Meshele Dewes. However, no remedial action was taken against Ms. Espinoza. On May 23, 2014, I was terminated.

Respondent's stated reason for my termination was for insubordination to my supervisor and unprofessionalism with clients. However, I believe I was terminated in retaliation for my complaint.

I believe I have been discriminated against because of my Race (Black ), and in Retaliation for my participation in protected activities, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>X 6/7/14   X *Rehema Stephens*<br>Date    Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

[Stamp: RECEIVED JUN 18 20?? EEOC-??]



# U.S. Equal Employment Opportunity Commission
## Oakland Local Office

1301 Clay Street
Suite 1170 N
Oakland, CA 94612
(510) 637-3230
TTY (510) 637-3234
Fax: (510) 637-3235

Respondent: CA DEPT OF HUMAN ASSISTANCE
EEOC Charge No.: 555-2014-00789
FEPA Charge No.:

June 3, 2014
~~May 30, 2014~~

Rehema Stephens
805 Sapphire Circle
Vacaville, CA 95687

Dear Stephens:

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

   [ X ]   Title VII of the Civil Rights Act of 1964 (Title VII)

   [ ]     The Age Discrimination in Employment Act (ADEA)

   [ ]     The Americans with Disabilities Act (ADA)

   [ ]     The Equal Pay Act (EPA)

   [ ]     The Genetic Information Nondiscrimination Act (GINA)

The attached EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided. Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge. Before we investigate your charge, however, you must sign and return the enclosed Form.

To enable proper handling of this action by the Commission you should:

  (1) Review the enclosed charge form and make corrections.

  (2) Sign and date the charge in the bottom left hand block where I have made an "X". For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filling date.

  (3) Return the signed charge to this office.

Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5). Please sign and return the charge within thirty (30) days from the date of this letter. Under EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court. Please be aware that after we receive your signed Form 5, the EEOC will send a copy of the charge to California Department Of Fair Employment & Housing 2218 Kausen Drive Suite 100 Elk Grove, CA 95758 as required by our procedures. If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official. The agency will then investigate and resolve the charge under their statute.

Please use the "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. Please also notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process. If you have any questions, please call me at the number listed below. If you have to call long distance, please call collect.

Sincerely,

*Ahlam Abdellatif*
Ahlam Abdellatif
Investigator
(510) 637-3238

Office Hours: Monday – Friday, 8:00 a.m. - 4:30 p.m.
www.eeoc.gov

Enclosure(s)
  Copy of EEOC Form 5, Charge of Discrimination
  Copy of EEOC Uniform Brochure, "What You Should Know Before You File A Charge With EEOC."