UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REHEMA STEPHENS,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO DEPARTMENT OF HUMAN ASSISTANCE OF NORTHERN CALIFORNIA WELFARE DIVISION,<br><br>  Defendant. | No. 2:16-cv-1849-JAM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This matter was before the court on February 22, 2017, for hearing on defendant's motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 10) and the court's January 13, 2017 order to show cause why sanctions should not be imposed for plaintiff's failure to timely file a response to defendant's motion, ECF No. 13. Attorney Shanan Hewitt appeared on behalf of defendant; plaintiff appeared pro se. For the reasons explained below, the order to show cause is discharged and it is recommended that defendant's motion to dismiss be granted.[1]

/////

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

I.  Order to Show Cause

Defendant's motion to dismiss was originally noticed for hearing on January 25, 2017. Pursuant to Local Rule 230(c), plaintiff was required to file an opposition or statement of non-opposition to the motion by January 11, 2017, but failed to do so. Accordingly, the court continued the hearing and ordered plaintiff to, by no later than February 8, 2017, file an opposition or statement of non-opposition to defendant's motion and to show cause why sanctions should not be imposed for her failure to timely file response to the pending motion.

In response, plaintiff explains that an unspecified family emergency interfered with her ability to timely file an opposition or statement of non-opposition. ECF No. 14. Plaintiff has now filed an opposition to the motion, and in light of her representation, the order to show cause is discharged and no sanctions are imposed.

II.  Defendant's Motion to Dismiss

A.  Complaint's Factual Allegations

The complaint alleges that plaintiff, a black female, was terminated from her employment based on racial discrimination and retaliation for participating in protected activities in violation of Title VII.

Plaintiff previously worked for the County of Sacramento, Department of Human Assistance, as a Human Services Specialist. *Id*. ¶¶ 4, 7. In March 2014, after approximately three months of employment, plaintiff received her first performance evaluation, which indicated that she "meets standards." *Id*. ¶¶ 7, 8. Shortly after that review, plaintiff's supervisor provided "some unsolicited advice" regarding plaintiff's intention to take the African American Cultural Specials Skills Exam. *Id*. ¶ 4. The supervisor allegedly warned plaintiff to "do her due diligence by consulting other Special Skills employees before taking the exam . . . because that particular demographic can be difficult (referring to African Americans)." *Id*.

Plaintiff subsequently met with the program director to discuss the supervisor's comments. *Id*. ¶ 10. The program director allegedly wrote plaintiff "off as a trouble maker with a bad attitude who would not accept supervision." *Id*. Shortly thereafter, plaintiff met with the Bowling Green Program Manager and a union representative. *Id*. ¶ 12. At the meeting she

expressed her concern that her supervisor's comments were racially motivated and requested reassignment to a new supervisor. *Id*. That request was denied.

On May 23, 2014, plaintiff's employment was terminated. *Id*. ¶ 23. The primary basis for the decision was plaintiff's "continued pattern of poor behavior and unprofessional attitude when dealing with others." *Id*. ¶ 14. Plaintiff claims, however, that her termination was motivated by racial discrimination and retaliation for participating in protected activities. *Id*. at 8-11. Her requested relief includes, among other things, general damages in the sum of $2.5 million and punitive damages. *Id*. at 12.

B. Discussion

Defendant does not seek dismissal of any specific claim. Instead, defendant moves to dismiss from the action the complaint's request for $2.5 million in general damages and punitive damages. ECF No. 10 at 4. Defendant argues that punitive damages are not available against a government entity, and that plaintiff's request for general damages exceeds the statutory cap imposed by Title VII.[2] *Id*. at 4.

As argued by defendant, Title VII prohibits an award of punitive damages against a government agency or political subdivision. 42 U.S.C. § 1981a(b)(1). Title VII also limits the amount of compensatory damages[3] a plaintiff may recover based on the size of the employer

/////

/////

---

[2] Although defendant only challenges plaintiff's request for compensatory and punitive damages, and do not seek dismissal of a cause of action, Rule 12(b)(6) is the appropriate vehicle for asserting this challenge. *See Walker v. McCoud Comm. Servs. Dist.*, 2016 WL 951635, at *2 (E.D. Cal. Mar. 14, 2016) ("The proper vehicle for challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12(b)(6), and not a motion to strike under Rule 12(f)."); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (2010) (holding that Rule 12(f) did not authorize district courts to strike claims for damages on the ground that the damages are precluded as a matter of law, and stating that such a challenge is "better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion.").

[3] General damages are a type of compensatory damages. *SelectBuilding Nevada, Inc. v. S & S Concrete & Materials*, LLC, 2011 WL 3022444, at *2 (D. Nev. July 21, 2011); *see also FAA v. Cooper*, 566 U.S. 284, 295 (2012) ("In actions for defamation and related dignitary torts, two categories of compensatory damages are recoverable: general and special damages.").

defendant, with the highest cap set at $300,000. 42 U.S.C. § 1981a(b)(3); *see Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1202 (9th Cir. 2002); *Gebser v. Lago Vista Independent Sch. Dist.*, 524 U.S. 274, 286 (1998).

At the hearing on defendant's motion, plaintiff conceded that she is not entitled to punitive damages nor general damages exceeding the statutory cap. She therefore requested leave to amend her complaint to remove the request in the prayer for general damages exceeding $300,000 and her request for punitive damages. Doing so, however, is unnecessary in light of defendant's motion, which is limited only to the punitive damages request. Whether by amendment, or by order dismissing the punitive damages request, the result is the same.

Accordingly, defendant's motion to dismiss should be granted, and plaintiff's request for punitive damages and general damages exceeding $300,000 must be dismissed. Further, plaintiff's request to amend the complaint should be denied as unnecessary.

III. Conclusion

Accordingly, it is hereby ORDERED that the January 13, 2017 order to show cause is discharged and no sanctions are imposed.

Further, it is RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 10) be granted;

2. Plaintiff's request for punitive damages and general damages exceeding $300,000 be dismissed without leave to amend; and

3. Plaintiff request to amend the complaint be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 5, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE