UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REHEMA STEPHENS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO DEPARTMENT OF HUMAN ASSISTANCE OF NORTHERN CALIFORNIA WELFARE DIVISION,<br><br>Defendants. | No. 2:16-cv-1849-JAM-EFB PS<br><br><br>ORDER TO SHOW CAUSE |

  Defendant filed a motion to for summary judgment, and noticed the motion for hearing on November 28, 2018.[1] ECF Nos. 35. Court records reflect that plaintiff has not filed an opposition or statement of non-opposition to the pending motion.

  Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by November 14, 2018. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Additionally, Local Rule 260(b) provides that "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Local Rule 260(b) further provides that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication," and that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers."

Finally, Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Because plaintiff has failed to file an opposition or statement of non-opposition to plaintiff's motion for summary judgment, as required by Local Rule 230, and has failed to respond to plaintiff's statement of undisputed facts, as required by Local Rule 260, the hearing on plaintiff's motion for summary judgment must be continued. Plaintiff is ordered to show cause why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion and for failure to timely file a response to plaintiff's statement of undisputed facts. Plaintiff is also ordered to file an opposition to the motion or a statement of non-opposition thereto and a response to defendant's statement of undisputed facts. Failure to comply with this order may result in a recommendation that defendant's motion for

2

summary judgment be granted and/or the case dismissed for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

The court informs plaintiff of the following with respect to opposing a motion for summary judgment under Federal Rule of Civil Procedure 56: Such a motion is a request that the court grant judgment in defendant's favor without trial. A motion for summary judgment will set forth the facts that defendant asserts are not reasonably subject to dispute and that entitle it to judgment under applicable law. To oppose a motion for summary judgment, plaintiff may file one or more affidavits or declarations setting forth the material facts that plaintiff believes are subject to reasonable dispute, as long as the person who signs it has personal knowledge of the facts stated. Plaintiff may rely on written records, but he must prove they are what plaintiff assert them to be. Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts. If plaintiff fails to contradict defendant's evidence with counter-affidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is good reason why such facts are not available to plaintiff when they are required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion. If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendant's motion. If the court grants defendant's motion, whether opposed or unopposed, judgment will be entered for defendant without a trial and the case will be closed.

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on defendant's motion for summary judgment (ECF No. 35) is continued to January 23, 2019.

2. Plaintiff shall show cause, in writing, no later than January 9, 2019, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than January 9, 2019.

4. Failure of plaintiff to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that defendant's motion be granted and/or the case dismissed for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

5. Defendant may file a reply to plaintiff's opposition, if any, on or before January 16, 2019.

Dated: November 16, 2018

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4